UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARTIN AKERMAN,

       Plaintiff,

    v.

MERIT SYSTEMS PROTECTION BOARD,
et al.,

       Defendants.

Civil Action No. 23-2574 (RDM)

**MEMORANDUM AND POINTS OF AUTHORITIES IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT
<u>OR IN THE ALTERNATIVE MOTION FOR SUMMARY JUDGMENT</u>**

**TABLE OF CONTENTS**

Table of Contents.................................................................................................................i

Table of Authorities..........................................................................................................iii

INTRODUCTION ............................................................................................................. 1

Background ....................................................................................................................... 2

    I.      The Complaint ................................................................................................ 2

    II.    First Amended Complaint............................................................................... 2

        A.      Privacy Act Count I Against the Department of the Army.......................... 2

        B.      Privacy Act Count II Against the Department of the Air Force ................. 3

        C.      Privacy Act Count III Against the MSPB...................................................... 4

        D.      Privacy Act Count IV Against the MSPB and EEOC ................................ 4

        E.      Count V FOIA Requests for Office of Special Counsel, Department of Defense Office of Inspector General, and Department of Labor................ 5

        F.      Count VI FOIA Request for MSPB .............................................................. 9

Legal Standards............................................................................................................... 10

    I.      Rule 12(b)(1) Lack of Subject Matter Jurisdiction................................... 10

    II.    Rule 12(b)(6) Failure to State a Claim Upon Which Relief Can Be Granted....... 11

Argument ........................................................................................................................ 13

    I.      Plaintiff's Privacy Act Claims (Counts I-IV) Should Be Dismissed Because Plaintiff Failed to Exhaust His Administrative Remedies ................................... 13

        A.      Plaintiffs Privacy Act Claims (Count I and II) against the Department of the Army and the Department of the Air Force Should be Dismissed for Failure to Exhaust ...................................................................... 14

        B.      Plaintiff's Privacy Act Claim (Counts III and IV) Against the MSPB Should Be Dismissed for Failure to Exhaust ........................................... 16

    II.    Plaintiff's Privacy Act Claims (Counts I-IV) Should Be Dismissed Because His Claims Are Time-Barred........................................................................ 17

    A.     Plaintiff's Privacy Act Claims (Counts I and II) against the Department of the Army and the Department of the Air Force are Time-Barred............. 18

    B.     Plaintiff's Privacy Act Claims (Counts III and IV) against the MSPB and the EEOC are Time-Barred........................................................................ 20

III.    Plaintiff's Privacy Act Claims (Count I and II) against the Department of the Army and the Department of the Air Force Fail Because the Respective Documents Are Not Subject to Amendment .......................................................... 21

    A.     Plaintiff's Privacy Act Claims (Count I and II) against the Department of the Army and the Department of the Air Force Fail Because the Respective Documents Are Not Subject to Amendment .......................... 21

    B.     Plaintiff's Privacy Act Claim (Count III) against the MSPB Fails Because the Request is Not for an Amendment to a Record ................................. 23

    C.     Plaintiff's Privacy Act Claim (Count IV) against the MSPB and EEOC Fails Because the Respective Documents Are Not Records under the Privacy Act............................................................................................... 24

IV.    Count V Arising Under FOIA Against the Office of Special Counsel, the Department of Defense Office of Inspector General, and Department of Labor Should Be Dismissed for Failure to Exhaust Administrative Remedies .............. 25

    A.     Akerman Failed to Exhaust His FOIA Claim (Count V) Against the Office of Special Counsel ................................................................................. 26

    B.     Akerman Failed to Exhaust his FOIA Claim (Count V) Against the Department of Defense Office of Inspector General ............................... 27

    C.     Akerman Failed to Exhaust his FOIA Claim (Count V) Against the Department of Labor............................................................................. 29

    D.     Akerman Failed to Exhaust his FOIA Claim (Count VI) against the MSPB ............................................................................................... 30

Conclusion .......................................................................................................... 33

**TABLE OF AUTHORITIES**

Page(s)

Cases

*Akerman v. Dep't of the Army*,
2022 MSPB Lexis 2973 ................................................................................................ 5, 20

*Albright v. United States*,
732 F.2d 181 (D.C. Cir. 1984) ............................................................................................ 23

*Am. C.L. Union v. U.S. Dep't of Just.*,
655 F.3d 1 (D.C. Cir. 2011) ................................................................................................ 30

*Anderson v. Liberty Lobby, Inc.,*
477 U.S. 242 (1986) ...................................................................................................... 12, 13

*Anthony v. Int'l Ass'n of Machinists & Aerospace Workers Dist. Lodge,*
*1*, 296 F. Supp. 3d 92 (D.D.C. 2017) ................................................................................. 11

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ............................................................................................................ 11

*Atherton v. D.C. Office of the Mayor*,
567 F.3d 672 (D.C. Cir. 2009) ............................................................................................ 11

*Bain v. Off. of Att'y Gen.*,
648 F. Supp. 3d 19 (D.D.C. 2022) ...................................................................................... 22

*Baker v. Winter,*
210 Fed.Appx. 16 (D.C. Cir.2006) ..................................................................................... 23

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544, (2007) ........................................................................................................... 11

*Bloomgarden v. Dep't of Just.*,
10 F. Supp. 3d 146 (D.D.C. 2014) ...................................................................................... 25

*Bonner v. Soc. Sec. Admin.*,
574 F. Supp. 2d 136 (D.D.C. 2008) .................................................................................... 25

*Brookens v. Solis*,
635 F. Supp. 2d 1 (D.D.C. 2009) ........................................................................................ 11

*Celotex v. Catrett,*
477 U.S. 317 (1986) ...................................................................................................... 12, 13

*Conklin v. U.S. Bureau of Prisons*,
514 F.Supp.2d 1 (D.D.C.2007) ........................................................................................... 17

*Corley v. Dep't of Just.*,
998 F.3d 981 (D.C. Cir. 2021) ............................................................................................ 31

*Dale v. Internal Revenue Serv.*,
238 F. Supp. 2d 99 (D.D.C. 2002) ...................................................................................... 31

*Dep't of Air Force v. Rose*,
425 U.S. 352 (1976) ............................................................................................................ 31

*Doe v. Thompson,*
332 F.Supp.2d 124 (D.D.C.2004) ....................................................................................... 17

*Doe v. U.S. Dep't of Just.*,
660 F. Supp. 2d 31 (D.D.C. 2009) ...................................................................................... 23

*Edelman v. Sec. & Exch. Comm'n*,
  172 F. Supp. 3d 133 (D.D.C. 2016) ................................................................................. 28
*EEOC v. Concentra HealthServs., Inc.*,
  496 F.3d 296 (2d Cir. 2006) ............................................................................................ 12
*Erickson v. Pardus*,
  551 U.S. 89 (2007) ........................................................................................................... 11
*Freedom Watch, Inc. v. CIA*,
  895 F. Supp. 2d 221 (D.D.C. 2012) ................................................................................. 30
*Frost Brown Todd LLC v. Ctrs. for Medicare & Medicaid Servs.*,
  Civ. A. No. 21-2784, 2024 WL 450056 (D.D.C. Feb. 5, 2024) ...................................... 31
*Greer v. Bd. of Trs. of Univ. of D.C*,
  113 F. Supp. 3d 297 (D.D.C. 2015) ................................................................................. 12
*Gustave–Schmidt v. Chao*,
  226 F. Supp. 2d 191 (D.D.C. 2002) ................................................................................. 12
*Haase v. Sessions*,
  893 F.2d 370 (D.C. Cir. 1990) ......................................................................................... 14
*Hidalgo v. FBI*,
  344 F.3d 1256 (D.C. Cir. 2003) ............................................................................. 25, 28, 29
*Jean-Pierre v. Fed. Bureau of Prisons*,
  880 F.Supp.2d 95 (D.D.C. 2012) ..................................................................................... 26
*Jerome Stevens Pharms., Inc. v. FDA*,
  402 F.3d 1249 (D.C. Cir. 2005) ....................................................................................... 10
*Joorabi v. Pompeo*,
  464 F. Supp. 3d 93 (D.D.C. 2020) ................................................................................... 11
*Kassem v. Wash. Hosp. Ctr.*,
  513 F.3d 251 (D.C. Cir. 2008) ......................................................................................... 12
*Kassner v. 2d Ave. Delicatessen, Inc.*,
  496 F.3d 229 (2d Cir. 2007) ............................................................................................. 11
*Kleiman v. Dep't of Energy*,
  956 F.2d 335 (D.C. Cir. 1992) .................................................................................... 22, 23
*Kokkonen v. Guardian Life Ins. Co.*,
  511 U.S. 375 (1994) ......................................................................................................... 10
*Kursar v. Transp. Sec. Admin.*,
  581 F. Supp. 2d 7 (D.D.C. 2008) ..................................................................................... 14
*Lee v. Fed. Bureau of Investigation*,
  172 F. Supp. 3d 304 (D.D.C. 2016) ...................................................................... 18, 21, 22
*Lee v. Geren*,
  480 F. Supp. 2d 198 (D.D.C. 2007) ................................................................................. 23
*Leopold v. Dep't of Def.*,
  752 F. Supp. 3d 66 (D.D.C. 2024) ................................................................................... 25
*Levant v. Roche*,
  384 F.Supp.2d 262 (D.D.C.2005) .................................................................................... 24
*Little v. Liquid Air Corp.*,
  37 F.3d. 1069 (5th Cir. 1994) .......................................................................................... 13
*Macharia v. United States*,
  334 F.3d 61 (D.C. Cir. 2003) ...................................................................................... 10, 18

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,*
  475 U.S. 574 (1986) ............................................................................................. 12, 13
*McCready v. Nicholson,*
  465 F.3d 1 (D.C. Cir. 2006) ................................................................................. 23, 24
*McCready v. Principi,*
  297 F.Supp.2d 178 (D.D.C.2003) .............................................................................. 24
*McKart v. United States,*
  395 U.S. 185 (1969) .................................................................................................... 30
*McNutt v. Gen. Motors Acceptance Corp.,*
  298 U.S. 178 (1936) .................................................................................................... 10
*Moms Against Mercury v. FDA,*
  483 F.3d 824 (D.C. Cir. 2007) ................................................................................... 10
*Mulhern v. Gates,*
  525 F. Supp. 2d 174 (D.D.C. 2007) ........................................................................... 14
*Nichols v. Truscott,*
  424 F. Supp. 2d 124 (D.D.C. 2006) ........................................................................... 11
*Oglesby v. Dep't of Army,*
  920 F.2d 57 (D.C. Cir. 1990) ................................................................... 25, 28, 29, 30
*Papasan v. Allain,*
  478 U.S. 265 (1986) .................................................................................................... 11
*Ramirez v. Dep't of Just.,*
  594 F. Supp. 2d 58 (D.D.C. 2009) ............................................................................. 24
*Reinbold v. Evers,*
  187 F.3d 348 (4th Cir. 1999) ...................................................................................... 23
*Rogers v. U.S. Dep't of Labor,*
  607 F.Supp. 697 (N.D.Cal.1985) ............................................................................... 23
*Samtmann v. U.S. Dep't of Justice,*
  35 F.Supp.3d 82 (D.D.C.2014) ............................................................................. 17, 20
*Schuler v. United States,*
  617 F.2d 605 (D.C. Cir. 1979) ................................................................................... 11
*Sparrow v. United Air Lines, Inc.,*
  216 F.3d 1111 (D.C. Cir. 2000) ................................................................................. 12
*Tijerina v. Walters,*
  821 F.2d 789 (D.C.Cir.1987) ..................................................................................... 17
*Trent v Dep't of Homeland Sec.,*
  Civ. A. No. 18-2591 (ABJ), 2020 WL 1429881 (D.D.C. Mar. 24, 2020) ................ 15
*Truitt v. Dep't of State,*
  897 F.2d 540 (D.C. Cir. 1990) ................................................................................... 31
*U.S. Dep't of Just.,*
  922 F.3d 480 (D.C. Cir. 2019) ................................................................................... 25
*U.S. ex rel. Miller v. Bill Harbert Int'l Const., Inc.,*
  608 F.3d 871 (D.C. Cir. 2010) ............................................................................. 19, 20
*Washington v. FEC,*
  (CREW), 711 F.3d 180 (D.C.Cir.2013) ............................................................... 28, 31
*Wilbur v. CIA,*
  355 F.3d 675 (D.C. Cir. 2004) ................................................................................... 30

Statutes

5 U.S.C. 552a(g) ........................................................................................................................ 13
5 U.S.C. § 552 ........................................................................................................................ 1, 2
5 U.S.C. § 552(a)(3)(A) ............................................................................................................ 27
5 U.S.C. § 552(a)(6)(A)(i) ........................................................................................................ 24
5 U.S.C. § 552(a)(6)(C) ............................................................................................................ 25
5 U.S.C. § 552a ........................................................................................................ 1, 11, 12, 21
5 U.S.C. § 552a(d)(2).................................................................................................................. 17
5 U.S.C. § 552a(g)(5)................................................................................................................. 14
5 U.S.C. § 552a(j) ....................................................................................................................... 18
10 U.S.C. § 10501(b) (2008) ....................................................................................................... 2

Rules

Fed. R. Civ. P. 8(a) ..................................................................................................................... 10
Federal Rule of Civil Procedure 12 ............................................................................................. 22
Federal Rule of Civil Procedure 12(b)(1) ...................................................................... 1, 9, 10, 11

Regulations

5 C.F.R. part 1205.21 .................................................................................................................. 13
5 C.F.R. § 1205.31 ...................................................................................................................... 13
21-0627, DI-22-0340, MA............................................................................................................. 5
29 C.F.R. § 1611.9 ....................................................................................................................... 13
29 C.F.R. § 1611.9(e)(5).............................................................................................................. 13
32 C.F.R. § 310.7 ......................................................................................................................... 12
32 C.F.R. § 310.7(b)(3)......................................................................................................... 18, 19
C.F.R. § 1611.7(a)........................................................................................................................ 13

Pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), Defendants the Merit Systems Protection Board ("MSPB"), Department of Defense Office of Inspector General, Department of Labor, Equal Employment Opportunity Commission ("EEOC"), Office of Special Counsel, Department of Army, and Department of Air Force ("Defendants"), respectfully move to dismiss Plaintiff Martin Akerman's First Amended Complaint ("Am. Compl." or ECF No. 59) Counts I-IV under the Privacy Act, 5 U.S.C. § 552a, and Counts V-VI under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 and in the alternative for summary judgment.

## INTRODUCTION

Plaintiff Martin Akerman brings six claims, four under the Privacy Act and two under FOIA, against seven agencies.

*First*, Akerman's Privacy Act claims under Counts I-IV should be dismissed for three reasons. First, Akerman failed to exhaust his administrative remedies because he never submitted a Privacy Act request to amend the records to the respective agencies or otherwise complied with the pertinent agencies' regulations to submit such a request. Second, Akerman's Privacy Act requests are barred by the statute of limitations because Akerman knew or should have known about each purported violation more than two years prior to filing his amended complaint. Third, Akerman's Privacy Act requests should be dismissed because the records he seeks to amend are either exempt from amendment, are not proper records under the Privacy Act, or otherwise in the possession and control of the respective agency.

*Second*, Akerman's FOIA claims under Count V-VI should be dismissed because he failed to exhaust his administrative remedies.

Accordingly, this Court should dismiss Akerman's complaint in its entirety.

**BACKGROUND**

**I.    The Complaint**

On September 9, 2023, Akerman filed his complaint against the MSPB, Department of Defense Office of Inspector General, Department of Labor, EEOC, and Office of Special Counsel. ECF No. 1.  Plaintiff sought "release of information under FOIA[.]" *Id.* at 1.  The complaint does not contain any specific causes of action, only attaching voluminous exhibits with no discernable information to delineate the relief he was seeking.  *See generally id.*

**II.    First Amended Complaint**

On January 15, 2026, Akerman filed his Amended Complaint, adding the Department of the Army and the Department of the Air Force (collectively the "National Guard Bureau") as defendants.[1]  *See generally* Am. Compl.  The Amended Complaint brings six counts, four counts under the Privacy Act (Counts I-IV) and two counts under FOIA (Counts V-VI), which are individually described below.

**A.    Privacy Act Count I Against the Department of the Army**

Under Count I, Akerman seeks an order compelling the Department of the Army to amend "the Deciding Official to Gen. Garduno in all submissions to the OWCP."  *Id.* ¶ 19.  Attached to the Amended Complaint is a letter from the Department of the Army Benefits Centers to the Office of Workers' Compensation Programs dated April 25, 2023, which Akerman purportedly seeks to

---

[1]    The National Guard Bureau is a "Joint Bureau of the Department of the Army and the Department of the Air Force." Army Reg. 130-5 ¶ 1-1 (2002); *see also* 10 U.S.C. § 10501(b) (2008) ("The National Guard Bureau is the channel of communications on all matters pertaining to the National Guard, the Army National Guard of the United States, and the Air National Guard of the United States between (1) the Department of the Army and Department of the Air Force, and (2) the several States.").

amend. *Id.* at 37-39.  Akerman does not identify any other similar documents within his Amended Complaint.

Notably missing from the Amended Complaint, however, is any allegation that Akerman previously sought an amendment through the agency's administrative procedures or that he otherwise exhausted his administrative remedies as required under the Privacy Act.

**B.      Privacy Act Count II Against the Department of the Air Force**

Under Count II, Akerman seeks an order against the Department of the Air Force "compelling the Expungement/Amendment of the August 12 [Statement of Reasons] to reflect the accurate status certified by OSC on August 11, 2021." *Id.* ¶ 24.

On May 23, 2022, Akerman submitted a formal request for external review to the Inspector General of the Intelligence Community for a review of the Statement of Reasons.  Specifically, Akerman stated:

> I am requesting a review because the Local [Inspector General] omission caused an erroneous finding of material fact.  The facts show that on 17 August 2021, during negotiations with the Department of the Air Force through the Office of Special Counsel, and after accepting a new position with the National Guard Bureau, the Department of the Air Force Falsified a Statement of Reasons to interfere with my ability to obtain and maintain a [Top Security] clearance and affect my suitability for future employment.

*Id.* at 77.

On September 8, 2022, the Office of the Inspector General of the Intelligence Community denied Akerman's request. *Id.* at 89-90.  The letter noted:

> Accordingly, after careful consideration of your request and record, [the Office of the Inspector General of the Intelligence Community] did not identify evidence of an erroneous finding of fact, erroneous application of law, change in law, newly discovered evidence, or any other fundamental unfairness sufficient to require an External Review Panel to your case.

*Id.* at 90.

Much like his claim against the Army, the Amended Complaint similarly lacks any indication that Akerman requested that the Air Force amend its records prior to his filing of this lawsuit. *See* Decl. of Frederick Horton, Jr. ("Decl. Horton") ¶ 6.

### C.    Privacy Act Count III Against the MSPB

Under Count III, Akerman seeks an order compelling the MSPB to retroactively docket a submission. *See id.* ¶¶ 25-28. Akerman alleges the "MSPB clerk rejected and deleted" his filing, *id.* ¶ 26, and he requests that this Court order the MSPB to accept his filing, *id.* ¶ 28.

On September 29, 2022, the MSPB Office of the Clerk emailed Akerman, notifying him that the MSPB is denying his submission of a document. *See id.* at 57.

Notably, in the Amended Complaint, Akerman does not state he requested the MSPB to amend any records. *See generally* Decl. Gina K. Grippando ("Decl. Grippando").

### D.    Privacy Act Count IV Against the MSPB and EEOC

Under Count IV, Akerman seeks declaratory judgment that LexisNexis "publications were inaccurate and an order compelling Defendants [MSPB and EEOC] to update the status to 'Stayed/Pending' effective November 3, 2022[.]" *Id.* ¶ 31.

On September 25, 2023, Akerman filed an emergency motion for preliminary injunction in the instant matter seeking to enjoin the MSPB "from transition to its new e-Appeal Online system, as scheduled for October 2, 2023, without first ensuring the accurate archiving and correction of records to prevent the potential spoilation of evidence." *See* ECF No. 5. Akerman's emergency motion for preliminary injunction appears to relate to his claim that LexisNexis publications are inaccurate. *See* Am. Compl. at 104. Judge Cobb denied plaintiff's emergency motion for preliminary injunction, which was affirmed on appeal. *See* ECF No. 7.[2]

---

[2]    Akerman filed a notice of interlocutory appeal on December 18, 2023. ECF No. 9. On October 6, 2025, the D.C. Circuit affirmed the District Court's order denying Akerman's request

- 4 -

By letter dated April 19, 2024, Akerman made a request to the MSPB as it relates to the LexisNexis publications he alleges are inaccurate, specifically DC-07 52-22-037 6-I-l (*Akerman v. Dep't of the Army*, 2022 MSPB Lexis 2973 and an associated EEOC case. Decl. Grippando ¶ 3; Ex. A; *see also* Am. Compl. at 104-105.  On June 26, 2024, the MSPB interpreted Akerman's request as a Privacy Act request and responded to Akerman seeking clarifying information before proceeding with the Privacy Act request.  Decl. Grippando ¶ 4; Ex. B.  Akerman never responded to MSPB's request for clarifying information.  *Id.* ¶ 5.

Notably, in the Amended Complaint, Akerman does not state he requested the MSPB or the EEOC to amend any records, and there is no evidence he responded to the MSPB or otherwise appealed an adverse decision.

**E.     Count V FOIA Requests for Office of Special Counsel, Department of Defense Office of Inspector General, and Department of Labor**

Through his amened complaint, under Count V, Akerman seeks documents FOIA documents from the Office of Special Counsel, the Department of Defense Office of Inspector General, and the Department of Labor.

1.     Office of Special Counsel FOIA Request # FOIA-2023-039

As it relates to the Office of Special Counsel, Akerman seeks "August 11, 2021 ADR/Loan Records."  Am. Compl. ¶ 33.  Yet, there is no allegation that Akerman made a FOIA request for these documents.

On March 9, 2023, Akerman submitted a FOIA request to the Office of Special Counsel, identified as FOIA-2023-039.  *See id.* at 18-19; *see also* Decl. of Shelsea Ramirez ("Decl.

---

for injunctive relief, finding that Akerman forfeited any argument that he was entitled to injunctive relief because he failed to raise any arguments on appeal about the MSPB's transition to an electronic appeals docketing system.  *Akerman v. MSPB, et al.*, No. 23-5309 (D.C. Cir. Oct. 6, 2025).

Ramirez") ¶ 4.    Akerman requested "[Office of Special Counsel] communications with any Agency and internal [Office of Special Counsel] documents" regarding "case files DI-21-0627, DI-22-0340, MA-21-1602, and MA-22-0917. *Id.* at 18.

On July 19, 2023, the Office of Special Counsel identified sixty pages of responsive records, eighteen pages being referred to the Department of the Air Force for release and thirty-nine pages being released from the Office of Special Counsel to Akerman. *See id.*; *see also* Decl. Ramirez ¶ 9.

On September 1, 2023, Akerman administratively appealed the Office of Special Counsel decision, identified as AP-2023-008. *Id.* at 17, claiming the agency's response "did not contain any substantial or relevant information that [he] can use." Ex. 1 at 2; *see also* Decl. Ramirez ¶ 12. Therefore, Akerman asked the Office to reevaluate, identify and release any "additional records," and "reassess" the exemptions applied. *Id.* Significantly, the appeal did not state he requested the now sought after "August 11, 2021 ADR/Loan Records," whether and where it exists, or that the Office improperly refused it. *Id.*; *see also* Decl. Ramirez ¶ 12.

On October 5, 2023, the Office of Special Counsel denied Akerman's appeal, finding the Office of Special Counsel's FOIA release was proper. Ex. 2 at 2. The Office of Special Counsel further noted that for the eighteen pages referred to the Department of the Air Force, Akerman should contact the Department of the Air Force FOIA office because it "was in a better position to decide whether these pages are exempt from disclosure under FOIA[.]" *Id.*

In the Amended Complaint, Akerman provides no discernable information to determine what "August 11, 2021 ADR/Loan Records" refers to, whether and where it exits.    Most notably, for purposes of this litigation, Akerman does not claim he sought these records from the Office of

Special Counsel in his FOIA Request # FOIA-2023-039 or that the Office denied the request. *See* Am. Compl. at 4, ¶¶ 32-34.

           2.           <u>FOIA Request to the Department of Defense Office of Inspector General</u>

As it relates to the Department of Defense Office of Inspector General, Akerman requests documents for "Cases 01-04 & Army IG Report." Am. Compl. ¶ 33. The Department of Defense Office of Inspector General identifies Akerman's FOIA request as FOIA No. DODOIG-2023-000628 and FOIA Appeal No. DODOIG-APPEAL-2023-001063. *Id.* at 4.

On August 30, 2023, the Department of Defense Office of Inspector General issued a decision to Akerman's FOIA appeal and remanded for further production, identified as FOIA Appeal No. DODOIG-APPEAL-2023-001063. *Id*. at 13-14; *see also* Decl. of Mark Dorgan ("Decl. Dorgan") ¶¶ 21-28.

On September 8, 2023, the Department of Defense Office of Inspector General provided twenty-eight additional pages of documentation, identified as FOIA No. DODOIG-2023-000628. Am. Compl. at 15-16; *see also* Decl. Dorgan ¶¶ 29-36.

Notably, after remand, the Department of Defense Office of Inspector General timely provided a response, and Akerman did not appeal. *See generally* Dec. Dorgan.

           3.           <u>Department of Labor FOIA Requests</u>

As it relates to the Department of Labor, there are three FOIA requests. See Am. Compl. at 5 and ¶ 33. Akerman seeks investigative files relates to an Office of Worker's Compensation proceeding and an investigative file for Veterans Employment and Training Service investigative file. *See* Am. Compl. at 5; *see generally* Decl. of Deena S. Jih ("Decl. Jih").

           (a)  <u>FOIA Request # 2023-F-06199</u>

On March 14, 2023, Akerman submitted a FOIA request to the Department of Labor identified as 2023-F-06199. Ex. 3. Akerman requested "all files related to my case . . . prior to

the hearing" with an explanation that "4th Amendment violation Delays [sic] harm claimant." *Id.* at 1.  Akerman included a request for "expedited return of the investigation related to the reported Whistleblower retaliation and related Prohibited Personnel Practices [sic]." *Id.*  at 3.

On March 16, 2023, the Department of Labor's Office of Workers' Compensation Programs Division of Federal Employees', Longshore and Harbor Workers' Compensation provided Akerman with a final response, denying the request noting that the request is not reasonably described. Ex. 4.  The response letter further explained that the Department of Labor was unable to determine what records were requested noting that it appeared as if Akerman was seeking records related to whistleblower retaliation claim filed with another agency.  *Id.* at 1.  As required by FOIA, the response letter also provided Akerman with alternative dispute resolution services including contact information for the Department of Labor's FOIA Public Liaison and Office of Government Information Services mediation services as well as administrative appeal rights.  *Id.* at 1-2.

(b) FOIA Request # 2023-F-06437

On March 17, 2023, Akerman submitted a FOIA request to the Department of Labor identified as 2023-F-06437.  Ex. 5.  Akerman requested "all information related to case [ ] (Martin Akerman) for pending OWCP hearing." *Id.* at 1.

On March 27, 2023, the Department of Labor's Office of Workers' Compensation Programs Division of Federal Employees', Longshore and Harbor Workers' Compensation provided Akerman with a final response explaining that the request was duplicative of a prior FOIA request that was already granted.  Ex. 6.

(c) FOIA Request # 2023-F-12861

On August 22, 2023, Akerman submitted a FOIA request to the Department of Labor identified as 2023-F-12861.  Ex. 7.  Akerman requested all information related to "a request for subpoena to the Hearings Branch" issued on March 25, 2023.  *Id.* at 1-2.

On September 1, 2023, the Department of Labor's Office of Workers' Compensation Programs Division of Federal Employees', Longshore and Harbor Workers' Compensation provided Akerman with a final response explaining that the request is not for records in the Department of Labor's possession or control. Ex. 8.  Rather the request appears to be for records in possession and control of Akerman's employing agency or, in certain instances, requires the employing agency to take certain actions or provide written answers and explanations in response to Akerman's questions.  *Id.* at 1.  The response letter explains that FOIA does not require agencies to create new records or respond to interrogatories.  *Id.* at 1-2.  As required by FOIA, the response letter also provided Akerman with alternative dispute resolution services including contact information for the Department of Labor's FOIA Public Liaison and Office of Government Information Services mediation services as well as administrative appeal rights.  *Id.* at 2.

### F.    Count VI FOIA Request for MSPB

In the Amended Complaint, Akerman "seeks in the internal case files regarding the September 29, 2022, rejection of his case filing in *Martin Akerman v. Department of the Army*, DC-1221-22-0257-S-1."  Am. Compl. ¶¶ 35-36 and 57-61.

On March 15, 2023, Akerman submitted a FOIA request to the MSPB identified as MSPB-2023-000139.  Ex. C.  Akerman requested status and communications "between MSPB and any parties from 16 March 2022 to today (15 March 2023)" regarding four cases, including case *Martin Akerman v. Department of the Army*, DC-1221-22-0257-S-1, along with a request for status in a mixed case.  *Id.*

On September 1, 2023, Akerman administratively appealed the lack of decision in MSPB-2023-000139. *See* Am. Compl. at 23

On March 24, 2024, the MSPB issued a decision on appeal, which is identified as MSPB FOIA Appeal No. 2023-000292. Ex. D. The appeal was granted in part and denied in part, releasing three emails responsive to Akerman's FOIA request involving his first four MSPB cases and denying the remainder because the MSPB was "unable to locate any communication between the MSPB and the EEOC regarding [his] fifth case[.]" *Id.* at 1.

Notably, the request for an internal case file related to the rejection of Akerman's filing is not within the scope of his FOIA request in MSPB-2023-000139.

## LEGAL STANDARDS

### I.    Rule 12(b)(1) Lack of Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction, and the law presumes that "a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Plaintiff bears the burden of demonstrating by a preponderance of evidence that this Court possesses subject matter jurisdiction over his claims. *See McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Moms Against Mercury v. FDA*, 483 F.3d 824, 828 (D.C. Cir. 2007). When adjudicating a Rule 12(b)(1) motion, courts accept the factual allegations in the complaint as true and "may consider materials outside the pleadings in deciding whether to grant a motion to dismiss for lack of jurisdiction." *Jerome Stevens Pharms., Inc. v. FDA*, 402 F.3d 1249, 1253-54 (D.C. Cir. 2005). Courts must give the plaintiff's factual allegations closer scrutiny when resolving a Rule 12(b)(1) motion than would be required for a Rule 12(b)(6) motion for failure to state a claim. *Macharia v. United States*, 334 F.3d 61, 64, 69 (D.C. Cir. 2003).

II.        **Rule 12(b)(6) Failure to State a Claim Upon Which Relief Can Be Granted**

"Rule 12(b)(6) requires courts to dismiss any case wherein the plaintiff has failed to state a legal claim upon which relief can be granted.  To survive a motion to dismiss for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Joorabi v. Pompeo*, 464 F. Supp. 3d 93, 98 (D.D.C. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) & *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, (2007)) (internal quotation marks omitted).

When deciding a Rule 12(b)(6) motion to dismiss, the court construes the Complaint in the light most favorable to the plaintiff and accepts as true all factual allegations and all reasonable inferences that can be drawn from them. *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979). However, courts are not obligated to "accept as true legal conclusions couched as factual allegations," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Joorabi*, 464 F. Supp. 3d. at 99 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986) & *Iqbal*, 556 U.S. at 678).

While pro se pleadings are to be liberally construed (*Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), "even a pro se complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" *Atherton v. D.C. Office of the Mayor*, 567 F.3d 672, 681-682 (D.C. Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679).  In other words, a plaintiff must put forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Anthony v. Int'l Ass'n of Machinists & Aerospace Workers Dist. Lodge 1*, 296 F. Supp. 3d 92, 95 (D.D.C. 2017).

This standard applies equally in employment cases. *See, e.g., Brookens v. Solis*, 635 F. Supp. 2d 1, 4 n. 4 (D.D.C. 2009); *Nichols v. Truscott*, 424 F. Supp. 2d 124, 132 (D.D.C. 2006); *Kassner v. 2d Ave. Delicatessen, Inc.*, 496 F.3d 229, 240 (2d Cir. 2007); *EEOC v.*

*Concentra Health Servs., Inc.*, 496 F.3d 296, 307 (2d Cir. 2006). Thus, simply asserting discrimination in a pleading, per *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 (D.C. Cir. 2000), does not allow a plaintiff to survive a motion to dismiss an employment discrimination complaint. *See Kassem v. Wash. Hosp. Ctr.*, 513 F.3d 251, 253-54 (D.C. Cir. 2008) (citing *Sparrow* for standard of appellate review and *Twombly* for standard on motion to dismiss); *Greer v. Bd. of Trs. of Univ. of D.C*, 113 F. Supp. 3d 297, 310 (D.D.C. 2015) (finding *Twombly* and *Iqbal* require more than "'I was turned down for a job because of my race [or age or gender or prior protected activity]'").

In ruling upon a motion to dismiss for failure to state a claim, a court may ordinarily consider only "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice." *Gustave–Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002) (internal citations omitted).

In the event the Court determines that any of the documentary evidence accompanying the instant motion is not properly considered as being incorporated by reference into the Complaint so as to satisfy the Rule 12(b)(6) standard, the Department is alternatively moving under Rule 56. Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate when the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986); *Celotex v. Catrett,* 477 U.S. 317, 322 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986). The Court must view all facts, and reasonable inferences to be drawn from them, in a light most favorable to the nonmoving party,

in determining whether there exists a genuine issue of material fact. *Anderson,* 477 U.S. at 255.

The relevant inquiry in a summary judgment analysis is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id*. at 251-52. Indeed, there must be "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative," summary judgment should be granted. *Id.* at 249-50 (citations omitted). Rule 56 does not require the moving party to negate the non-movant's claim or to show the absence of a genuine issue of material fact. *Celotex,* 477 U.S. at 323. Rather, when the movant files a properly supported summary judgment motion, the burden shifts to the nonmoving party to show that there is a genuine issue for trial. Fed. R. Civ. P. 56(c). The non-movant cannot manufacture genuine issues of material fact with "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co.,* 475 U.S. at 586, or with "conclusory allegations," "unsubstantiated assertions," "or by only a 'scintilla' of evidence." *Little v. Liquid Air Corp.,* 37 F.3d. 1069, 1075 (5th Cir. 1994).

## ARGUMENT

**I.      Plaintiff's Privacy Act Claims (Counts I-IV) Should Be Dismissed Because Plaintiff Failed to Exhaust His Administrative Remedies**

Counts I-IV are subject to dismissal because this Court lacks subject matter jurisdiction to allow these claims to proceed because Akerman failed to exhaust his administrative remedies. Akerman never made Privacy Act requests to the respective agencies or otherwise comply with Privacy Act procedures.

Subsection (g)(1)(A) provides a civil remedy "[w]henever any agency . . . makes a determination under subsection (d)(3) of this section not to amend an individual's record in

accordance with his request, or fails to make such review in conformity with that subsection." 5

U.S.C. § 552a(g)(1)(A).  Requests to amend records under the Privacy Act require exhaustion of

administrative remedies.  *See Haase v. Sessions*, 893 F.2d 370, 373–74 (D.C. Cir. 1990) (holding

that causes of action for amendment of records and for access to records incorporate exhaustion

requirements).   Some courts in this District have understood the Privacy Act's exhaustion

requirement to be jurisdictional in nature. *see Sandoval v. Dep't of Just.*, 296 F. Supp. 3d 1, 13

(D.D.C. 2017) (citation omitted) ("Privacy Act claims are subject to an administrative exhaustion

requirement—and exhaustion under the Privacy Act is a jurisdictional requirement."). *Kursar v.*

*Transp. Sec. Admin.*, 581 F. Supp. 2d 7, 17 (D.D.C. 2008) (dismissing Privacy Act claim for

amendment of agency's personnel records because "the plaintiff's failure to exhaust the

administrative remedies provided by § 552a(d) forecloses any relief under § 552a(g)(1)(A)");

*Mulhern v. Gates*, 525 F. Supp. 2d 174, 187 (D.D.C. 2007) (dismissing Privacy Act suit brought

without exhaustion of administrative remedies for lack of subject matter jurisdiction).  This Court

has held that exhaustion is a non-jurisdictional requirement.  *Bain v. Off. of Att'y Gen.*, 648 F.

Supp. 3d 19, 42 (D.D.C. 2022).  "But whatever other labels might apply, the text of the statute and

*Haase* both make clear that administrative exhaustion is an element of the Privacy Act's record-

amendment cause of action."  *Bain v. Off. of Att'y Gen.*, 648 F. Supp. 3d 19, 42 (D.D.C. 2022)

(citing 893 F.2d at 373).

Akerman has failed to plead exhaustion of administrative remedies for any of his Privacy

Act claims (Counts I-IV) and these claims should therefore be dismissed.

    **A.**    **Plaintiffs Privacy Act Claims (Count I and II) against the Department of the Army and the Department of the Air Force Should be Dismissed for Failure to Exhaust**

To request an amendment of a record maintained by a Department of Defense component,

an individual must follow the "procedures outlined in Part 310 of Title 32, Code of Federal

Regulations and the respective [System of Record Notices]." Department of Defense Instruction 5400.11 Section 3.2.e.[3] "[A]n individual may make a request for an amended or correction of a [Department of Defense] Component's record about that individual by writing directly to the [Department of Defense] component that maintains the record as identified in the published [System of Record Notices] applicable to that record." 32 C.F.R. § 310.7.

Akerman does not plead, nor can he, that he complied with the Department of Defense regulations on requesting an amendment to records. Akerman has not plead that he made a request to the Department of the Army or the Department of the Air Force as required under 32 C.F.R. § 310.7. Furthermore, Akerman is required to also appeal a denial of a request before he may seek judicial review. *See* 32 C.F.R. § 310.8 ("In addition to the right to judicial review after a denied appeal . . . .")

Because Akerman never requested amendment to records nor did he seek an appeal from a denial for a request to amend records, the Court should dismiss Plaintiff's Privacy Act claims against the Department of the Army and the Department of the Air Force. *Bain*, 648 F. Supp. 3d at 42 ("And because [plaintiff] has not alleged that [he] made *any* Privacy Act request to amend records before bringing this lawsuit, [he] has not stated a claim; *see also Trent v Dep't of Homeland Sec.*, Civ. A. No. 18-2591 (ABJ), 2020 WL 1429881, at *2 (D.D.C. Mar. 24, 2020) ("Exhaustion is also required before bringing an action under the Privacy Act, and in that case, it is jurisdictional because exhaustion is required by statute.").

---

[3]      https://www.esd.whs.mil/Portals/54/Documents/DD/issuances/dodi/540011p.pdf      (last accessed March 10, 2026).

**B.    Plaintiff's Privacy Act Claim (Counts III and IV) Against the MSPB Should Be Dismissed for Failure to Exhaust**

To request an amendment of a record maintained by the MSPB, a request to an appropriate official "must be in writing . . . and must include the following information: (a) An identification of the record to be amended; (b) A description of the amendment requested; and (c) A statement of the basis for the amendment, along with supporting documentation, if any."  5 C.F.R. part 1205.21.  When an individual receives a partial or complete denial, an appeal may be sought and a decision on that appeal is subject to judicial review.  5 C.F.R. § 1205.31 and 1205.32.

Similarly, to request an amendment of a record maintained by the EEOC, a request must be "in writing" and include "(1) The name of the individual making the request; (2) The name of the system of records as set forth in the system notice to which the request relates; (3) A description of the nature (e.g., modification, addition or deletion) and substance of the correction or amendment request; and (4) any other information specified in the system notice."  29 C.F.R. § 1611.7(a).  The EEOC also has regulations established for appealing an adverse decision.  *See generally* 29 C.F.R. § 1611.9; *see also* 29 C.F.R. § 1611.9(e)(5) ("If the Legal Counsel or the Legal Counsel's designee determines in accordance with paragraphs (b) and (c) of this section not to grant all or any portion of a request on an appeal submitted under paragraph (a) of this section, he or she shall inform the requester: (5) Of the requester's right to file a civil action in Federal district court to seek a review of the determination of the Legal Counsel or the Legal Counsel's designee in accordance with 5 U.S.C. 552a(g).").

Akerman makes no claim, nor can he, that he complied with the regulations for the MSPB or the EEOC.  Regarding Count III, Akerman never made a request to the MSPB for resubmission of his rejected filing.  *See* Am. Compl.  ¶¶ 25-26.

- 16 -

Regarding Count IV, while Akerman made a request by letter dated April 19, 2024, to the MSPB related "LexisNexis entries" for DC-02752-22-0376-I-1, which the MSPB construed as Privacy Act request, Akerman never responded to the MSPB's clarifying questions. Exs. A and B. Akerman also never appealed an adverse decision of the MSPB. Moreover, Akerman never made a request to the EEOC as it pertains to Count IV.

Accordingly, the Court should dismiss Plaintiff's Privacy Act claims—Count III against the MSPB and Count IV against the MSPB and the EEOC.

## II.     Plaintiff's Privacy Act Claims (Counts I-IV) Should Be Dismissed Because His Claims Are Time-Barred

For claims arising under the Privacy Act, "[a]n action to enforce any liability ... may be brought. . . within two years from the date on which the cause of action arises." 5 U.S.C. § 552a(g)(5). A cause of action arises under the Privacy Act when "(1) an error was made in maintaining the plaintiff's records; (2) the plaintiff was harmed by the error; and (3) the plaintiff either knew or had reason to know of the error." *Conklin v. Bureau of Prisons*, 514 F. Supp. 2d 1, 4 (D.D.C .2007) (Walton, J.) (citations omitted); *see also Tijerina v. Walters*, 821 F.2d 789, 798 (D.C. Cir. 1987) ("[I]n a normal Privacy Act claim, the cause of action does not arise and the statute of limitation does not begin to run until the plaintiff knows or should know of the alleged violation."). Additionally, a "new cause of action does not arise each time an adverse determination is made based on the allegedly erroneous records." *Conklin,* 514 F. Supp. 2d at 4; *see also Doe v. Thompson*, 332 F. Supp. 2d 124, 133 (D.D.C. 2004) (Walton, J.). "The only exception to the rule arises if an agency 'materially and willfully misrepresented any information,'" and in such circumstances, "the action may be brought at any time within two years after discovery by the individual of the misrepresentation." *Samtmann v. Dep't of Just.*, 35 F. Supp. 3d 82, 88 (D.D.C. 2014) (quoting 5 U.S.C. § 552a(g)(5).

       **A.**        **Plaintiff's Privacy Act Claims (Counts I and II) against the Department of the Army and the Department of the Air Force are Time-Barred**

Akerman knew or should have known about the alleged violations by the Department of the Army and the Department of the Air Force more than two years prior to filing his Amended Complaint. Consequently, his claims are barred by the two-year statute of limitations.

With respect to Count I against the Department of the Army, Akerman seeks an order compelling the Department of the Army to amend the deciding official in all submissions to the Office of Workers' Compensations Programs. *See* Am. Compl. ¶¶ 16-19. The only document identified by Akerman in his Amended Complaint is a letter dated April 25, 2023, which the Department of the Army sent in response to Akerman's Claim #550313053 before the Office of Workers' Compensation Programs. *See* Am. Compl. at 37-39. On that same day, as can be seen on the top right corner of the document, Akerman received the document and printed it. *See* Am. Compl. at 37-39 ("PRINTED FROM ECOMP – makerman@gmail.com – 04/25/2023").

And, with respect to Count II against the Department of the Air Force, Akerman seeks a correction to a document titled "Statement of Reasons" related to the revocation of his security clearance. *Id.* ¶¶ 20-24. Attached to the Amended Complaint is a document attesting that Akerman received a copy of the Statement of reasons, which is dated January 26, 2022.[4] *See id.* at 55.

Akerman cannot claim he did not know about the documents and the purported errors because he received the documents, on April 25, 2023, and January 26, 2022, respectively. *Lee v. Fed. Bureau of Investigation*, 172 F. Supp. 3d 304, 307 (D.D.C. 2016) ("Presumably Plaintiff knew

---

[4]      On September 8, 2022, the Office of the Inspector General of the Intelligence Community denied his request for a panel review, finding no error, Am. Compl. at 89-90, including as it relates to Akerman's allegation that "the Department of the Air Force Falsified a Statement of Reasons." *Id.* at 77.

or had reason to know that the Electronic Communication contained false or inaccurate information upon receipt of records from the FBI in response to his FOIA request. Plaintiff's response to the FBI's motion to dismiss does not mention the statute of limitations, set forth any basis for equitable tolling, or proffer alleged facts to support his wholly conclusory assertions of the FBI's supposed willful and intentional misrepresentations.")

Akerman filed his Amended Complaint more than two years after his causes of action accrued, on January 15, 2026.[5]  To the extent Akerman may argue that the relation back doctrine applies, his argument would fail.  Akerman did not bring an action under the privacy act in his initial complaint, nor were the Department of the Army or the Department of the Air Force defendants in the initial complaint. *See U.S. ex rel. Miller v. Bill Harbert Int'l Const., Inc.*, 608 F.3d 871, 881 (D.C. Cir. 2010) (citation modified) ("Relation back generally is improper when the new pleading asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth, attempts to introduce a new legal theory based on facts different from those underlying the timely claims, or, although it shares some elements and some facts in common with the original claim its effect is to fault the defendants for conduct different from that identified in the original complaint.").

Accordingly, Akerman cannot seek to amend these records now because the statute of limitations has lapsed, and the Privacy Act claims (Counts I and II) against the Department of Army and the Department of the Air Force should be dismissed.

---

[5]

**B.** **Plaintiff's Privacy Act Claims (Counts III and IV) against the MSPB and the EEOC are Time-Barred**

Akerman knew or also should have known about the alleged violations by the MSPB and the EEOC more than two years ago and he therefore is barred from bringing his claims now.

With respect to Count III against the MSPB, Akerman seeks an order compelling the MSPB to retroactively docket a submission he filed in 2022. Am. Compl. ¶¶ 25-28. Akerman submitted a filing to the MSPB on September 28, 2022. *Id.* The next day, on September 29, 2022, Akerman received an email from the MSPB Office of the Clerk rejecting his filing. *See* Am. Compl. at 57.

With respect to Count IV against the MSPB and the EEOC, Akerman seeks an order compelling the MSPB and EEEOC to "update the status" of LexisNexis documents. *See id.* ¶¶ 29-31. Akerman knew about his claims that LexisNexis had data he disagreed with since at least September 22, 2023, when he emailed this Court to seek an emergency injunction regarding the MSPB's transition to an "e-Appeal system records" and "discrepancies [Akerman] noted. *Id.* at 104; *see also* ECF No. 5. Specifically, in his email to this Court, Akerman includes the MSPB action he seeks to address, *Akerman v. Dep't of the Army*, 2022 MSPB Lexis 2973, DC-0752-22-0376-I-1. *See id.* at 104-105; *see also id.* at ¶ 29. The email also identifies an EEOC case he seeks to amend on LexisNexis. *Id.*

Akerman cannot now claim that he did not know of the documents and the purported errors when he knew of the purported errors, on September 29, 2022, and September 22, 2023, respectively. Akerman filed the instant Amended Complaint on January 15, 2026, more than two years after his causes of action accrued.

Thus, Count III against the MSPB and Count IV against the MSPB and the EEOC should be dismissed because Akerman's claims are barred by the two-year statute of limitations.

- 20 -

III.    **Plaintiff's Privacy Act Claims (Count I and II) against the Department of the Army and the Department of the Air Force Fail Because the Respective Documents Are Not Subject to Amendment**

The Privacy Act requires every federal agency to "permit [an] individual to request amendment of a record pertaining to him" and "permit [an] individual who disagrees with the refusal of the agency to amend his record to request a review of such refusal[.]" 5 U.S.C. § 552a(d)(2) and (3).  As stated above, Akerman failed to seek an amendment of records directly from the respective agencies and his requests are barred by the statute of limitations.  As a result, the Court need not reach this issue.  However, "[a]n agency head may promulgate regulations to exempt a system of agency records from certain provisions of the Privacy Act." *Lee*, 172 F. Supp. 3d at 307 (citing 5 U.S.C. § 552a(j).  The records here sought by Akerman are either not subject to amendment due to an agencies proper exemption of said records, or the documents sought for amendment are not "records" within the meaning of the Privacy Act.  Consequently, Akerman's Privacy Act claims (Count I-IV) fail to state a claim for which relief can be granted.

A.    **Plaintiff's Privacy Act Claims (Count I and II) against the Department of the Army and the Department of the Air Force Fail Because the Respective Documents Are Not Subject to Amendment**

Even if this Court did have subject-matter jurisdiction and even if his claims were not barred by the statute of limitations, the types of records Akerman seeks the Department of the Amry and the Department of the Air Force to amend are not subject to amendment.

The Department of Defense's regulations on request for access and amendment to records states in relevant part:

> Certain records are not subject to amendment or correction under the Privacy Act: The amendment process is not intended to permit the alteration of records presented in the course of judicial or quasi-judicial proceedings such as the adjudication process for personnel security clearances or contesting grades in academic records.

32 C.F.R. § 310.7(b)(3).

Here, Akerman seeks to amend records that were presented in the course of quasi-judicial proceedings, which are not subject to amendment under the Department of Defense's Privacy Act regulations. Akerman's claims against the Departments of the Army and Air Force therefore fail at the outset. *Lee*, 172 F. Supp. 3d at 308 ("In other words, Plaintiff cannot enforce under § 552a(g) a violation of § 552a(e)(5) because the [Agency's system of records] is exempt from both of these Privacy Act provisions. Plaintiff's complaint fails to state a Privacy Act claim upon which relief can be granted, and therefore must be dismissed.").

With respect to the Department of the Army, Akerman seeks to amend "all of the Department of the Army's submissions to the [Office of Worker's Compensation Programs], thereby triggering a redetermination of benefits." Am. Compl. ¶ 19. Akerman's request is quintessentially a request for "alteration of records presented in the course of . . . quasi-judicial proceedings." 32 C.F.R. § 310.7(b)(3). Therefore, the records are "not subject to amendment or correction under the Privacy Act[.]" *Id.*

With respect to the Department of the Air Force, Akerman seeks amendment to the Statement of Reasons, *see* Am. Compl. ¶ 24, which reflects his "eligibility for access to classified information." *Id.* at 55. Akerman's request to change his "security clearance[]" status is part of records in a "quasi-judicial proceeding" that are not subject to amendment either. 32 C.F.R. § 310.7(b)(3).

At their essence, Akerman's amendments are attempts to collaterally attack quasi-judicial proceedings which is an inappropriate use of the Privacy Act. *Bain v. Off. of Att'y Gen.*, 648 F. Supp. 3d 19, 40 (D.D.C. 2022) ("To the extent that [Plaintiff] is seeking collaterally to attack the substance of these agency actions, rather than to correct specific factual inaccuracies in the records themselves, the Privacy Act is not a proper vehicle for such an effort."); *see, e.g. Kleiman v. Dep't*

*of Energy*, 956 F.2d 335, 338 (D.C. Cir. 1992) (rejecting the use of the Privacy Act as a means of "collateral attack" on a "personnel decision"); *Lee v. Geren*, 480 F. Supp. 2d 198, 206 (D.D.C. 2007) (same); *Doe v. Dep't of Just.*, 660 F. Supp. 2d 31, 42 (D.D.C. 2009) (same); *Reinbold v. Evers*, 187 F.3d 348, 361 (4th Cir. 1999) ("[T]he Privacy Act does not allow a court to alter records that accurately reflect an administrative decision, or the opinions behind that administrative decision."); *Albright v. United States*, 732 F.2d 181, 190 (D.C. Cir. 1984) ("[T]he Privacy Act was not intended to shield these employees from the vicissitudes of federal personnel management decisions.").

Accordingly, Akerman's Privacy Act Claims (Count I and II) against the Department of the Army and the Department of the Air Force should be dismissed for failure to state a claim for which relief can be granted.

### B.  Plaintiff's Privacy Act Claim (Count III) against the MSPB Fails Because the Request is Not for an Amendment to a Record

While the Court need not reach this issue, Akerman seeks an order compelling the MSPB to accept a filing that it rejected in 2022 under Count III. Am. Compl. ¶¶ 25-28. Akerman's request is not for an amendment to a record based on inaccuracy in facts. Akerman is requesting this Court to substitute its judgment for that of the MSPB. This is an improper use of the Privacy Act. "We agree with the District Court that, generally speaking, the Privacy Act allows for correction of facts but not correction of opinions or judgments." *McCready v. Nicholson*, 465 F.3d 1, 19 (D.C. Cir. 2006) (collecting cases). The Privacy Act is not " 'a vehicle for amending the judgments of federal officials or ... other[s] ... as those judgments are reflected in records maintained by federal agencies.' " *Kleiman,* 956 F.2d at 337–38 (quoting *Rogers v. Dep't of Labor,* 607 F. Supp. 697, 699 (N.D.Cal. 1985)) (alteration in original); accord *Baker v. Winter,* 210 Fed. Appx. 16, 18 (D.C. Cir. 2006) ("The Privacy Act requires modification only of factual errors, not

of errors in opinion[.]") (citation omitted); *see also Levant v. Roche,* 384 F. Supp. 2d 262, 270 (D.D.C. 2005) (noting a complaint "not about the accuracy of [ ] records, but about the underlying decision they reflect" is not cognizable under the Privacy Act); *McCready v. Principi,* 297 F. Supp .2d 178, 190 (D.D.C. 2003) ("The [Privacy Act] allows for correction of facts but not correction of opinions or judgments, no matter how erroneous such opinions or judgments may be.") (citations omitted), rev'd in part on other grounds sub nom. *McCready v. Nicholson,* 465 F.3d 1 (D.C. Cir. 2006).

Akerman contests the judgment of the MSPB in rejecting his submission.  This is an improper request under the Privacy Act and his claim (Count III) against the MSPB should be dismissed for failure to state a claim for which relief can be granted.

### C.    Plaintiff's Privacy Act Claim (Count IV) against the MSPB and EEOC Fails Because the Respective Documents Are Not Records under the Privacy Act

While the Court need not reach this issue, Akerman seeks the MSPB and the EEOC to alter documents maintained by LexisNexis under Count IV.  Am. Compl. ¶¶ 29-31.  The MSPB and the EEOC have not authority to "update the status" of LexisNexis records.  The records hosted by LexisNexis are not within the possession and control of the MSPB or the EEOC.  As a result, documents hosted by LexisNexis do not fall within the definition of "records" "about an individual that is maintained by an agency" under the Privacy Act.  5 U.S.C. § 552a.

Moreover, Akerman has not alleged that documents within the control of the MSPB or the EEOC are inaccurate.  *See Ramirez v. Dep't of Just.*, 594 F. Supp. 2d 58, 67 (D.D.C. 2009) ("Without some indication that BOP, the EOUSA, or the DEA have failed to maintain accurate records pertaining to plaintiff, he cannot show that any of these entities violated his rights under the Privacy Act and did so willfully or intentionally.")

- 24 -

Accordingly, Akerman's claim (Counts IV) against the MSPB and EEOC should be dismissed.

**IV.    Count V Arising Under FOIA Against the Office of Special Counsel, the Department of Defense Office of Inspector General, and Department of Labor Should Be Dismissed for Failure to Exhaust Administrative Remedies**

"The statutory scheme in the FOIA specifically provides for an administrative appeal process following an agency's denial of a FOIA request," and "courts have consistently confirmed that the FOIA requires exhaustion of this appeal process before an individual may seek relief in the courts."  *Oglesby v. Dep't of Army*, 920 F.2d 57, 61-62 (D.C. Cir. 1990) (citing 5 U.S.C. §§ 552(a)(6)(A)(i), (ii) and cases).  Although exhaustion under FOIA is not jurisdictional, it nonetheless is an important "'jurisprudential doctrine'" that must be enforced, because the requester's failure to exhaust precludes judicial review "if a merits determination would undermine the purpose of permitting an agency to review its determinations in the first instance." *Bloomgarden v. Dep't of Just.*, 10 F. Supp. 3d 146, 151 (D.D.C. 2014).

Exhaustion is a "condition precedent" to filing a lawsuit, and the failure to exhaust "precludes judicial review."  *Hidalgo v. FBI*, 344 F.3d 1256, 1259 (D.C. Cir. 2003); *Bonner v. Soc. Sec. Admin.*, 574 F. Supp. 2d 136, 138-39 (D.D.C. 2008) (observing that administrative exhaustion is a "condition precedent" to filing suit and dismissing a prematurely filed lawsuit).

While FOIA cases are typically decided on motions for summary judgment, *see Leopold v. Dep't of Def.*, 752 F. Supp. 3d 66, 74 (D.D.C. 2024), a motion to dismiss under Rule 12 can be the appropriate vehicle for determining whether the plaintiff has filed a procedurally compliant FOIA request and exhausted its administrative remedies, *see Citizens for Resp. & Ethics in Wash. v. Dep't of Just.*, 922 F.3d 480, 487-88 (D.C. Cir. 2019); *Hidalgo*, 344 F.3d at 1260.

**A.    Akerman Failed to Exhaust His FOIA Claim (Count V) Against the Office of Special Counsel**

In his Amended Complaint, under Count V, Akerman seeks to compel the Office of Special Counsel to produce "August 11, 2021 ADR/Loan Records."  Am. Compl. ¶ 33.  Akerman provides no discernable information to determine whether the document exists or what this document is. *See* 5 C.F.R. 1820.2 (requiring FOIA requests to "describe the records sought in enough detail for them to be located with a reasonable amount of effort. . . Whenever possible, requests should describe any particular record sought, such as the date, title or name, author, recipient, and subject matter.").  Moreover, Akerman does not allege he requested these documents in his FOIA request, in the subsequent administrative appeal, or that the agency improperly denied his request.

Where a FOIA plaintiff attempts to obtain judicial review without having first fully exhausted his administrative remedies, his lawsuit may be dismissed for failure to state a claim. *Jean-Pierre v. Fed. Bureau of Prisons*, 880 F. Supp. 2d 95, 100 n.4 (D.D.C. 2012).

Here, on March 9, 2023, Akerman submitted a FOIA request for communications with any agency and internal Office of Special Counsel documents related to specific case files.  *See* Am. Compl. at 18.  Akerman does not allege he sought the  "ADR/Loan Records" in this request nor does he contend that such documents, if they exist, fall within the scope of this request.  Even now, the Amended Complaint provides no discernable information to determine what the document is or whether it exists, much less which case file Akerman believes the "ADR/Loan Records" is associated with.

On September 1, 2023, Akerman submitted an administrative appeal of the Office's response, but the appeal did not identify, reference or seek the now sought after "August 11, 2021 ADR/Loan Records."  Ex. 1.    Instead, he only claimed the "response did not contain any substantial or relevant information that [Akerman] can use" and asked the Office to produce "any

- 26 -

additional records within the scope of [the] request . . . and that the application of exemptions be reassessed to ensure that only absolutely necessary information is redacted." *Id.* at 1.

The Office of Special Counsel's FOIA regulations require a FOIA requester to provide sufficient detail for records to be located, including any "particular record sought."  5 C.F.R. 1820.2.  Here, Akerman did not identify the "August 11, 2021 ADR/Loan Records" in his initial FOIA request nor in the subsequent administrative appeal.  Consequently, Akerman failed to exhaust administrative remedies because he never made a request for the document he now seeks in his Amended Complaint, and Count V against the Office of Special Counsel should be dismissed.

**B.     Akerman Failed to Exhaust his FOIA Claim (Count V) Against the Department of Defense Office of Inspector General**

Akerman appealed his FOIA request to the Department of Defense Office of Inspector General under Count V of the Amended Complaint.  Am. Compl. at 15-16.  On remand, as Akerman acknowledges in his Motion for Reconsideration and Motion to Compel (ECF No. 63), that the Department of Defense Office of Inspector General provided a response within "four business days." *Id*. at 6.  The Department of Defense provided twenty-eight additional pages of records. Am. Compl. 15.  The Department of Defense Office of Inspector General timely provided a response on remand, and Akerman did not appeal that decision.  As a result, Akerman fails to exhaust this claim, and this Court should dismiss Count V as it relates to the Department of Defense Office of Inspector General.

FOIA requires agencies to respond to a request for records within 20 business days. *See* 5 U.S.C. § 552(a)(6)(A)(i).  If an agency fails to respond within this period, the requester is "deemed to have exhausted his administrative remedies" with respect to that request and may bring a FOIA action. *Id.* § 552(a)(6)(C)(i).  But if the agency does respond, the requester is obligated to appeal

any adverse response "to the head of the agency" before bringing suit.  *Id.* § 552(a)(6)(A)(i); *CREW*, 711 F.3d at 184. The purpose of this rule is to provide the agency "an opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision." *Oglesby*, 920 F.2d at 61.  But the requirement is not jurisdictional.  *Hidalgo*, 344 F.3d at 1258.

In his Motion for Reconsideration and Motion to Compel, Akerman alleges a search for further records was not properly conducted and provides a timeline to support his conclusory allegations.  ECF No. 63 at 5.  According to Akerman, "at most, [the Agency had] four business days to search for complex investigative files." *Id.*  And, four days could not be enough to provide additional records. *Id.*

Despite Akerman's objections to the search and production of documents, the Department of Defense Office of Inspector General provided additional documents that were appropriate for release on remand, and Akerman did not appeal that determination.  On September 8, 2023, the Department of Defense Office of Inspector General sent Akerman a letter stating, "We received your remanded request on August 31, 2023, and it maintains the initially assigned case number of DODOIG-2023-000628." Am. Compl. at 15-16.  "Upon review, we determined that the enclosed 28 pages are appropriate for release in part pursuant to the following FOIA exemptions[.]" *Id*.

For his part, Akerman did not file an appeal challenging the production.  Accordingly, Akerman failed to exhaust his administrative remedies and Count V related to the Department of Defense Office of Inspector General should be dismissed.

**C.      Akerman Failed to Exhaust his FOIA Claim (Count V) Against the Department of Labor**

Akerman failed to exhaust his administrative remedies for his three FOIA requests to the Department of Labor because the Department of Labor issued timely responses, and Akerman did not appeal those decisions.

Although the FOIA has a "constructive exhaustion" provision, *see* 5 U.S.C. § 552(a)(6)(C), once an agency responds to a request, the requester is obligated at that time to fully exhaust her administrative remedies by submitting an administrative appeal even if the agency's response was untimely. *See Oglesby*, 920 F.2d at 61.  A requester must demonstrate that she complied with the agency's appeals process. *See Hidalgo*, 344 F.3d at 1259.

The request identified as "Request 1" in the Amended Complaint consists of two separate FOIA requests.  *See* Am. Compl. at 5.  For the first request, on March 14, 2023, Akerman submitted a FOIA request and the Department of Labor acknowledged and identified the request as 2023-F-06199 ("Request 2023-F-06199"). Ex. 3**.**  On March 16, 2023, the Department of Labor provided Akerman with a final response, denying Request 2023-F-06199, noting that the request is not reasonably described and that it appeared Akerman was seeking records held by another agency. Ex. 4.   For the second request, on March 17, 2023, Akerman submitted a FOIA request and the Department of Labor acknowledged and identified the request as 2023-F-06437 ("Request 2023-F-06437").  Ex. 5.  On March 27, 2023, the Department of Labor provided Akerman with a final response, granting in full Request 2023-F-06437 by providing a letter dated March 22, 2023 issued under case file number 550313053.  Ex. 6.

The Amended Complaint does not reflect what was requested in either FOIA request. Furthermore, Akerman did not seek an administrative appeal for either FOIA request.

For the request identified as "Request 2" in the Amended Complaint, on August 22, 2023, Akerman submitted a FOIA request, and the Department of Labor acknowledged and identified the request as 2023-F-12861. Am. Compl. at 5; Ex. 7. Notably the Amended Complaint does not reflect what was requested in this FOIA request. On September 1, 2023, the Department of Labor provided Akerman with a final response, explaining that the request is not for records in the Department of Labor's possession or control. Ex. 8. Again, Akerman did not seek an administrative appeal.

Because the Department of Labor provided a timely final response for each FOIA request, Akerman did not appeal those determinations, he has failed to exhaust his administrative remedies.

Accordingly, his FOIA claim against the Department of Labor under Count V should be dismissed. *Freedom Watch, Inc. v. CIA*, 895 F. Supp. 2d 221, 228, n.2 (D.D.C. 2012) (denying plaintiff's request for futility exception to the exhaustion requirement and noting that "binding Circuit precedent could not be clearer: exhaustion of administrative remedies 'is a mandatory prerequisite to a lawsuit under the FOIA'" (quoting *Wilbur v. CIA*, 355 F.3d 675, 676 (D.C. Cir. 2004) (citation modified)); *Oglesby*, 920 F.2d at 61 (recognizing that exhaustion of the administrative appeal process "allows the top managers of an agency to correct mistakes made at lower levels and thereby obviates unnecessary judicial review" (citing *McKart v. United States*, 395 U.S. 185, 194 (1969) (non-FOIA case))

### D.    Akerman Failed to Exhaust his FOIA Claim (Count VI) against the MSPB

Akerman failed to exhaust his administrative remedies for his FOIA request to the MSPB under Count VI because he never made a request for "internal case files" in his FOIA request. Am. Compl. ¶¶ 35-36.

The purpose of FOIA is "to pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny." *Am. C.L. Union v. Dep't of Just.*, 655 F.3d 1, 5 (D.C. Cir.

2011) (quoting *Dep't of Air Force v. Rose*, 425 U.S. 352, 361 (1976)). FOIA requires an agency to release non-exempt records if it receives a request that "(i) reasonably describes such records and (ii) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed." 5 U.S.C. § 552(a)(3)(A). FOIA places the initial burden of drafting a reasonably descriptive request on the plaintiff. *See Corley v. Dep't of Just.*, 998 F.3d 981, 989 (D.C. Cir. 2021). Accordingly, an agency's obligations under FOIA begin only "once an agency has received a proper FOIA request." *Citizens for Resp. & Ethics in Wash. v. Fed. Election Comm'n*, 711 F.3d 180, 185 n.3 (D.C. Cir. 2013).

"[F]ailure to comply with FOIA and agency requirements—by, for example, failing to reasonably describe the records—'amounts to a failure to exhaust administrative remedies, which warrants dismissal.' " *Frost Brown Todd LLC v. Ctrs. for Medicare & Medicaid Servs.*, Civ. A. No. 21-2784, 2024 WL 450056, at *2 (D.D.C. Feb. 5, 2024) (quoting *Dale v. Internal Revenue Serv.*, 238 F. Supp. 2d 99, 102-03 (D.D.C. 2002)). A FOIA request must "reasonably describe[ ]" the records being requested. 5 U.S.C. § 552(a)(3)(A). A request meets this requirement if it is "sufficient [to] enable[ ] a professional employee of the agency who was familiar with the subject area of the request to locate the record with a reasonable amount of effort." *Truitt v. Dep't of State*, 897 F.2d 540, 545 n.36 (D.C. Cir. 1990) (quoting H.R. Rep. No. 93-876 (1974)).

Here, as discussed above, Akerman made a FOIA request on March 15, 2023, requesting "status and all communications between MSPB and any parties" including as it relates to DC-1221-22-0257-S-1. Ex. C; Am Compl. at 5. However, Akerman did not request "internal case files" regarding the rejection of his September 29, 2022, submission to the MSPB. Am. Compl. ¶¶ 35-36.

- 32 -

Accordingly, Akerman fails to exhaust his administrative remedies, and his FOIA request under Count VI against the MSPB should be dismissed.

\* \* \*

**CONCLUSION**

For these reasons, the Court should grant this motion and dismiss Plaintiff's Counts I-IV under the Privacy Act and Counts V-VI under FOIA.

Dated: March 16, 2026                          Respectfully submitted,

                                               JEANINE FERRIS PIRRO
                                               United States Attorney


                                               By:         /s/ Robert J. Morris, II
                                                   ROBERT J. MORRIS, II
                                                   D.C. Bar #1719434
                                                   Assistant United States Attorney
                                                   601 D Street, NW
                                                   Washington, DC 20530
                                                   (202) 252-2534
                                                   robert.morris@usdoj.gov

                                               *Attorneys for the United States of America*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARTIN AKERMAN, PRO SE,

      Plaintiff,

    v.

MERIT SYSTEMS PROTECTION BOARD,
et al.,

      Defendant.

Civil Action No. 23-2574 (RDM)

## [PROPOSED] ORDER

UPON CONSIDERATION of Defendants' motion to dismiss first amended complaint, and

the entire record herein, it is hereby

ORDERED that Defendants' motion is GRANTED, and it is further

ORDERED that Counts I-IV under the Privacy Act are dismissed and Counts V-VI under

FOIA are DISMISSED WITH PREJUDICE

SO ORDERED:

_____

Date

_____

RANDOLPH D. MOSS
United States District Judge