**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MARTIN AKERMAN,<br><br>*Plaintiff*,<br><br>v.<br><br>MERIT SYSTEMS PROTECTION BOARD, *et al.*,<br><br>*Defendants.* | Civil Action No. 23-2574 (RDM) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Martin Akerman, proceeding *pro se*, initiated this action against the Merit Systems Protection Board ("MSPB"), the Office of Special Counsel ("OSC"), the Equal Employment Opportunity Commission ("EEOC"), the Department of Defense Office of the Inspector General ("DOD"), and the Department of Labor ("DOL") on September 5, 2023, Dkt.1, and filed an amended complaint on January 15, 2026, which added the Department of the Army and Department of the Air Force as defendants, Dkt. 59. Plaintiff brings claims under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a, seeking to compel the production and correction of certain documents related to his federal employment. Dkt. 59 at 1–2 (Am. Compl. ¶¶ 1–6).

On April 10, 2026, the Court ordered the parties not to file further motions without leave of the Court. Now pending before the Court are seven of Plaintiff's motions for leave to file—concerning an affidavit of bias, Dkt. 105; record preservation, Dkt. 116; the filing of a reply, Dkts. 119 & 120; a motion to unseal, Dkt. 121; additional evidence and record preservation, Dkt.

122; and a notice of a related mandamus petition, Dkt. 123—as well as Defendants' motion to dismiss, Dkt. 87.

For the reasons explained below, the Court: will **GRANT** Plaintiff's motion for leave to file the affidavit of bias and the motion in the alternative to recuse, Dkt. 105, but will **STRIKE** the affidavit as insufficient and will **DENY** Plaintiff's motion to recuse; will **GRANT** Plaintiff's motion to file a reply out of time, Dkt. 120; will **DENY** as moot Plaintiff's motion for an extension, Dkt. 119; will **DENY** Plaintiff's motion for leave to file a record-preservation motion, Dkt. 116; will **GRANT** leave to file the motion to unseal, Dkt. 121; will **DENY** Plaintiff's motion to file additional evidence and for preservation relief, Dkt. 122; and will **DENY** Plaintiff's motion for leave to file notice of a mandamus petition, Dkt. 123. As for the motion to dismiss, Dkt. 87, the Court reiterates its warning to Plaintiff that it will construe the motion as a request for summary judgment and sets a deadline for any final filing.

**A. Recusal**

Plaintiff moves for leave to file an affidavit of bias pursuant to 28 U.S.C. § 144, or, in the alternative, a motion to disqualify the undersigned judge pursuant to 28 U.S.C. § 455. Dkt. 105. Under 28 U.S.C. § 144, a litigant must submit an affidavit or declaration stating "the facts and the reasons for his belief that bias or prejudice exists . . . not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such a time." *Id.* If the litigant files "a timely and sufficient affidavit" establishing "that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party," then the "judge shall proceed no further therein." *Id.* Before recusing, "the judge has a lawful right to pass on the legal sufficiency of the affidavit," and it is "the duty of the judge, when the showing for recusation is insufficient, to

remain in the case." *Eisler v. United States*, 170 F.2d 273, 278 (D.C. Cir. 1948) (citing *Berger v. United States*, 255 U.S. 22 (1921)).

Under 28 U.S.C. § 455, meanwhile, recusal is required "in any proceeding in which [a judge's] impartiality might reasonably be questioned," *id.* § 455(a), or where, among other reasons, the judge "has a personal bias or prejudice concerning a party," *id.* § 455(b)(1), or "has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy," *id.* § 455(b)(3). The standard for recusal under § 455(a) is an objective one and turns on whether "a reasonable and informed observer would question the judge's impartiality." *United States v. Microsoft Corp.*, 253 F.3d 34, 114 (D.C. Cir. 2001) (en banc) (per curiam). "Under section 455(b)(1), bias or prejudice must 'result in an opinion on the merits on some basis other than what the judge learned from [his] participation in the case.'" *Karim-Panahi v. U.S. Cong., Senate & House of Representatives*, No. 03-5186, 2004 WL 1588167, at *4 (D.C. Cir. 2004) (quoting *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966)). "[I]f an issue is within the scope of section 455(b), section 455(a) should not be read to require disqualification if section 455(b) does not." *In re Hawsawi*, 955 F.3d 152, 159–60 (D.C. Cir. 2020).

In his affidavit, Plaintiff raises two grounds for recusal. First, Plaintiff argues that a "structural conflict of interest and an appearance of partiality" against him exists in this case because the undersigned serves on the Committee on Defender Services of the Judicial Conference of the United States, the committee receives staffing from the Administrative Office of the U.S. Courts ("AO"), and Plaintiff is "currently a plaintiff in active litigation against the Director of the [AO] in the United States District Court for the District of Nevada." Dkt. 105 at

3. Second, Plaintiff contends that the undersigned has "demonstrated a predisposition to dismiss [his] requests," has "prejudice[ed] [his] ability to seek relief" by declining to appoint counsel, and has "maintained a seal on, and refused to compel the production of, critical" evidence for his case. *Id.* at 4–5.

1. *Judicial Conference Service*

The undersigned's service on a committee affiliated with the AO is not a basis for recusal. As an initial matter, the Court takes judicial notice of the litigation that Plaintiff references, *see Akerman v. Kerner*, No. 2:24-cv-1602 (D. Nev. dismissed Feb. 5, 2026), which Plaintiff brought in the U.S. District Court for the District of Nevada. The undersigned has no personal knowledge of or interest in that controversy. In addition, the Court notes that the Nevada case has now been dismissed and that Plaintiff never effected service on the AO or its director.

The Court next provides additional background regarding the Judicial Conference, its committees, and the Administrative Office. The Judicial Conference "is comprised of the chief judge of each judicial circuit, the Chief Judge of the Court of International Trade, and a district court judge from each regional judicial circuit"; the Chief Justice of the United States serves as the presiding officer. *See* United States Courts, About the Judicial Conference of the United States, https://perma.cc/ZG85-2BGL. The committees of the Judicial Conference, including the Defender Services Committee, are comprised of federal judges appointed for a term by the Chief Justice, and the committees make policy recommendations to the Conference. *Id.* Notably, "[t]he committees are policy-advisory entities and are not involved in making day-to-day management decisions for the federal courts or for the Administrative Office." *Id.* The committees "derive their jurisdiction from the Conference itself and the Chief Justice as

presiding officer." *Id.* "The Director of the Administrative Office of the U.S. Courts (AO) serves as Secretary to the Judicial Conference," and he "coordinates administrative support to the Conference itself." *Id.* The members of the AO professional staff, in turn, "dedicate all or much of their time supporting the work of the Judicial Conference and its committees," *id.*, although the AO, more generally, "provides a broad range of legislative, legal, financial, technology, management, administrative, and program support services to federal courts," United States Courts, Judicial Administration, https://perma.cc/YL29-95LJ.

Although the Defender Services Committee is staffed by professionals who work for the Administrative Office, the jurisdiction of the Defender Services Committee does not include the matters at issue in this case. In addition, I have no organizational authority over the Director of the AO, nor does he have authority over me. Rather, "[t]he mission of the Defender Services program is to ensure that the right to counsel guaranteed by the Sixth Amendment, the Criminal Justice Act [ ], and other congressional mandates is enforced on behalf of those who cannot afford to retain counsel and other necessary defense services." United States Courts, Mission—Defender Services, https://perma.cc/NYE7-NQNU.

"In considering whether a judge's relationship with an interested party raises a reasonable question as to the judge's impartiality, courts look to the nature of the relationship and its relevance to the proceedings before the judge." *Arm. Assembly of Am., Inc. v. Cafesjian*, 783 F. Supp. 2d 78, 90 (D.D.C. 2011), *aff'd*, 758 F.3d 265 (D.C. Cir. 2014); *cf. District of Columbia. v. Doe*, 611 F.3d 888, 899 (D.C. Cir. 2010) (explaining that an alumnus of a school district need not recuse from a case involving the school district). Here, no "reasonable and informed observer would question the" undersigned's impartiality, *Microsoft Corp.*, 253 F.3d at 114, based on the facts recounted above. The undersigned has no knowledge of Plaintiff's other

litigation besides what is reflected on the public docket and has no personal or professional investment in that litigation. Indeed, the fact that the AO serves the interests of the judiciary has never posed a hurdle to judicial resolution of cases directly involving the AO. *See Guffey v. Mauskopf*, 45 F.4th 442 (D.C. Cir. 2022) (adjudicating a matter against the AO); *Strickland v. United States*, 32 F.4th 311 (4th Cir. 2022) (same); *Tashima v. Admin. Off. of U.S. Cts.*, 967 F.2d 1264 (9th Cir. 1992) (same). The connection Plaintiff identifies here is even more attenuated than in any of these cases.

Plaintiff's assertions regarding my Judicial Conference service fail to establish that I have a "personal bias or prejudice either against [Plaintiff] or in favor of any adverse party," 18 U.S.C. § 144, or that a reasonable observer could question my impartiality, *id.* § 455(a).

2. *Previous Decisions in this Action*

Plaintiff's remaining arguments for recusal amount to disagreements with one of the Court's prior rulings, Dkt. 98. According to Plaintiff, the Court "demonstrated a predisposition to reject [his] requests" by denying several of his pending motions in advance of a deadline for evidentiary submissions, denying Plaintiff's motion to appoint counsel, thereby preventing him from meeting the requirements of 28 U.S.C. § 144, and "refus[ing] to compel the production of" evidence that Plaintiff seeks, thereby "facilitati[ng] the expiration of [the] two-year statute of limitations" Plaintiff faces. Dkt. 105 at 4–5.

Plaintiff offers no basis to believe that the Court's order arose from "some basis other than what the judge learned from [his] participation in the case." *Karim-Panahi*, 2004 WL 1588167, at *4 (citations and quotations omitted). And again, he fails to articulate any facts showing that the undersigned holds "a personal bias or prejudice against him." 28 U.S.C. § 144. Under no statute does mere disagreement with a judge's rulings provide an appropriate basis for

recusal. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) ("Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion" that would require a judge's recusal.).

The Court denied Plaintiff's renewed motions to proceed in forma pauperis and to appoint counsel to represent him on the grounds that Plaintiff had failed to establish his eligibility for either. Dkt. 98 at 2–5. Other judges in this district had previously reached the same conclusions, *see* Dkt. 7 (Cobb, J.); Min. Order (Apr. 24, 2025) (Chutkan, J.), and Plaintiff makes no new argument that any of those decisions were incorrect, Dkt. 105 at 4. The Court further denied Plaintiff's motion for a preliminary injunction, which had no relation to the pending evidentiary deadline. *See* Dkt. 98 at 5–9; Min. Order (Apr. 10, 2026). Finally, the Court granted Plaintiff's motion to file some documents under seal and denied Plaintiff's effort to unseal or otherwise compel production of certain documents as premature. Dkt. 98 at 9–13. Plaintiff again provides no reason to think that the Court's decisions were incorrect, let alone that they indicate "deep-seated favoritism or antagonism that would make fair judgment impossible." *See Liteky*, 510 U.S. at 555.

The Court will grant Plaintiff leave to file but concludes that his "affidavit should be stricken, for it does not establish bias and prejudice in the personal sense contemplated by the statute, assuming truth in all the facts stated." *Eisler*, 170 F.2d at 278. "Prejudice, to require recusation [under § 144], must be personal . . . and impersonal prejudice resulting from a judge's background or experience" will not suffice. *Id.* The Court also denies Plaintiff's alternative motion for recusal pursuant to § 455 because nothing in Plaintiff's affidavit demonstrates that the Court's impartiality might reasonably be questioned.

**B. Record Preservation**

In June, Plaintiff moved for leave to file a "Limited Mandamus/APA Record-Preservation Motion," Dkt. 116 at 1, requesting that the Court order the MSPB to preserve "all records, metadata, communications, logs, docket-status entries, rejection records, deletion records, routing records, and internal or external communications concerning [Plaintiff's] June 8 filing, the June 16 rejection/removal notice, DC-1221-22-0445-S-2, and related W-3 docket processing," Dkt. 116-1 at 4. Plaintiff asserted that such an order would "preserve[] the status quo and prevent[] the destruction or mischaracterization of records before this Court can determine their relevance and legal effect." Dkt. 116-1 at 4. Defendants opposed the motion. Dkt. 118. Plaintiff sought an extension of time to file a reply, Dkt. 119, and then moved for leave to file a reply out of time, Dkt. 120.

The Court will grant Plaintiff's motion for leave to file a reply out of time, Dkt. 120, deny as moot the motion for an extension, Dkt. 119, and deny the underlying motion for leave to file the record-preservation motion, Dkt. 116. First, portions of Plaintiff's request appear to be moot. *See* Dkt. 118 at 4. Plaintiff represented that the MSPB would delete the materials he sought to preserve by June 23, 2026. *See* Dkt. 116 at 2. Although Plaintiff asserts, in reply, that "Defendants have not shown that every potentially responsive agency record was destroyed," he acknowledges that portions of his request are no longer viable. Dkt. 120-1 at 4. Second, as the Court has previously explained, *see* Dkt. 98 at 6–7, Plaintiff may not use motion practice to "seek[] relief that was not requested in [his] operative complaint." *Orellana-Escobar v. Fernandez*, No. 24-cv-1767, 2026 WL 161189, at *8 (D.D.C. Jan. 21, 2026). To be sure, judges in this district have concluded that they have "inherent power to issue orders preserving information relevant to the claims and defenses brought before them." *E.g.*, *Am. Oversight v. Hegseth*, 788 F. Supp. 3d 14, 31 (D.D.C. 2025) (citation omitted); *Citizens for Resp. & Ethics in*

*Washington v. U.S. DOGE Serv.*, 769 F. Supp. 3d 8, 30 (D.D.C. 2025). But Plaintiff fails to articulate, in any of his filings, why the MSPB docket will aid the Court in evaluating the claims that Plaintiff brings in the Amended Complaint. Plaintiff makes only a bare assertion that the records he seeks to preserve are "ancillary to the Court's existing jurisdiction," Dkt. 116-1 at 4, and "relevant" to other proceedings in which Plaintiff is a participant, Dkt. 120-1 at 5. That is insufficient to connect Plaintiff's requested order to the Amended Complaint or the issues before the Court in this case. The Court will thus deny the motion.

**C. Additional Evidence and Preservation Relief**

Plaintiff next moves to introduce additional evidence and to obtain preservation relief against the National Guard Bureau. Dkt. 122. As discussed in Section F below, the Court will afford Plaintiff one further opportunity to submit evidence for summary judgment, so the Court will deny without prejudice Plaintiff's pending motion for leave to file additional evidence.

In addition to the evidentiary submission, Plaintiff seeks an order directing Defendants to "preserve" two versions of materials stemming from Plaintiff's FOIA request before the National Guard Bureau. Dkt. 122 at 4. He contends variously that the materials "may bear on Count II's record-accuracy dispute" or "on whether . . . Plaintiff's prior invocation of constructive exhaustion remains supported by later agency conduct." *Id.* at 4, 9. The Court will deny the request for a preservation order because Plaintiff has shown no special need to reinforce Defendants' existing "duty to preserve evidence" that is relevant to the pending litigation. *See Gerlich v. U.S. Dep't of Just.*, 711 F.3d 161, 170 (D.C. Cir. 2013). If Plaintiff were to lose access to relevant evidence that Defendants ought to have preserved, the Court could use its inherent power to craft an appropriate remedy, such as an "adverse evidentiary inference[]." *Shepherd v. Am. Broad. Companies, Inc.*, 62 F.3d 1469, 1475 (D.C. Cir. 1995). At present, the

Court sees no basis either in Defendants' behavior or in the type of evidence at issue to order Defendants to engage in record preservation.

**D. Unsealing**

Plaintiff also moves for leave to file a motion to unseal a portion of one of his sealed supplemental filings, Dkt. 82. Dkt 121. In particular, Plaintiff seeks to unseal "ECF No. 82, pages 17–46," but not "pages 1–16 or 47–51." *Id.* at 1. The Court previously granted Plaintiff's motion to file the relevant document under seal because some portions "contain information that (at least as far as the Court [was] aware) is and should remain confidential," and the remaining materials were largely "irrelevant" and therefore of little public interest. Dkt. 98 at 11. The Court further noted that it would "revisit the question of public access" to the nonconfidential portions as necessary. *Id.*

Plaintiff's motion, Dkt. 121, fails to make clear exactly what he seeks to unseal. For one thing, the sealed document has 43 pages, not 51 pages, as Plaintiff suggests. *Compare* Dkt. 82 *with* Dkt. 121 at 1. For another, Plaintiff has yet to identify the redactions that he proposes to maintain in the portions he seeks to unseal. *See* Dkt. 121-1 at 1. The Court will therefore grant leave for Plaintiff to file a renewed motion, on or before November 24, 2026, including a proposed redacted version of Dkt. 82.

**E. Notice of Mandamus**

Finally, Plaintiff moves for leave to file a notice of a mandamus petition he filed on October 9, 2026, in the Court of Appeals. Dkt. 123 at 1. The Court takes judicial notice of the docket in that case, an appeal from an MSPB proceeding. *See In re Martin Akerman*, No. 26-1285 (filed Oct. 9, 2026). Because the Court can take judicial notice of the public docket in that proceeding, *see Amobi v. Brown*, 317 F. Supp. 3d 29, 35-36 (D.D.C. 2018), Plaintiff's

duplicative filing on this docket would serve no purpose. The Court will therefore deny Plaintiff's motion for leave to file.

**F. Summary Judgment Motion**

Defendants have moved to dismiss the Amended Complaint for lack of jurisdiction, *see* Fed. R. Civ. P. 12(b)(1), and for failure to state a claim, *see* Fed. R. Civ. P. 12(b)(6). Dkt. 87-2. Defendants argue that the Privacy Act claims (Counts I-IV) should be dismissed because Plaintiff failed to exhaust his administrative remedies, because his claims are time-barred, and because the Privacy Act is inapplicable to the relevant documents. *Id.* at 20–31. And they contend that Plaintiff's FOIA claims (Counts V and VI) should be dismissed for failure to exhaust administrative remedies as to any defendant. *Id.* at 31–38.

Because both parties filed numerous exhibits addressing the administrative exhaustion issues, the Court informed the parties that it would treat the motion to dismiss as a motion for summary judgment with respect to administrative exhaustion and set a deadline for the parties to present any additional evidence. Min. Order (Apr. 10, 2026). The Court now advises Plaintiff, who is proceeding *pro se*, of the following:

Before the Court rules on Defendants' motion, Plaintiff is entitled to file a memorandum and supporting evidence in response. This is Plaintiff's opportunity to be heard on the summary judgment motion, and if Plaintiff fails to file a response, the Court may decide the motion without considering Plaintiff's arguments. Under this Court's local rules, Plaintiff must file any memorandum of points of authorities in opposition within fourteen days of the date of service of the motion or "at such other time as the Court may direct." Local Civil Rule 7(b). Here, the Court directs that any final response from Plaintiff must be filed on or before November 24, 2026.

When the Court rules on the motion for summary judgment, it will accept as true any factual assertion supported by the affidavits (or declarations) or other documentary evidence that Defendants have submitted, unless Plaintiff submits his own affidavits (or declarations) or other documentary evidence contradicting Defendants' factual assertions. *Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992) (quoting *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982)). By moving for summary judgment, Defendants argue that there is no need to hold a trial because undisputed facts show that Defendants are entitled to win the case. *See* Fed. R. Civ. P. 56(a). As a result, unless Plaintiff shows that there is a "genuine dispute" about a material fact, Defendants may be entitled to prevail. Plaintiff's response should explain why there is a genuine issue of fact that needs to be litigated and must refer to parts of the record to support any factual assertion(s). In addition, under Local Rule 7(h), a memorandum opposing summary judgment must "be accompanied by a separate concise statement of genuine issues" that responds to Defendants' "statement of material facts as to which there is no genuine dispute." *See* Dkt. 108.

Federal Rule of Civil Procedure 56(e) explains what may happen if Plaintiff does not properly address a fact asserted by Defendants in a motion for summary judgment:

> **(e) Failing to Properly Support or Address a Fact**. If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
>
> > **(1)** give an opportunity to properly support or address the fact;
> >
> > **(2)** consider the fact undisputed for purposes of the motion;
> >
> > **(3)** grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it; or
> >
> > **(4)** issue any other appropriate order.

Fed. R. Civ. P. 56(e).

It is not enough just to state that the other side's affidavits or other evidence are inaccurate or incorrect. Federal Rule of Civil Procedure 56(c) explains what a plaintiff must do to create a "genuine dispute" of a factual assertion made by a defendant:

> **(1)** ***Supporting Factual Positions.*** A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> > **(A)** citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> >
> > **(B)** showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
>
> **(2) Objection That a Fact Is Not Supported by Admissible Evidence.** A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.
>
> **(3) Materials Not Cited.** The court need consider only the cited materials, but it may consider other materials in the record.
>
> **(4) Affidavits or Declarations.** An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

Fed. R. Civ. P. 56(c).

Additionally, Federal Rule of Civil Procedure 56(d) addresses situations in which facts that are essential to oppose a motion for summary judgment are not available to the party opposing the motion.

It is important that Plaintiff carefully review and follow the rules mentioned in this Order in preparing any opposition to summary judgment.

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that Plaintiff's motion for leave to file an affidavit of bias, or, in the alternative, to disqualify, Dkt. 105, is **GRANTED**, but Plaintiff's affidavit of bias is **STRICKEN** on the ground that it fails to establish any bias or prejudice and his motion to disqualify is **DENIED**.

It is further **ORDERED** that Plaintiff's motion to file a reply out of time, Dkt. 120, is **GRANTED**; Plaintiff's motion for an extension, Dkt. 119, is **DENIED** as moot; and Plaintiff's motion for leave to file a record-preservation motion, Dkt. 116, is **DENIED**.

It is further **ORDERED** that Plaintiff's motion for leave to file a motion for targeted unsealing, Dkt. 121, is **GRANTED**. Plaintiff may file a renewed motion for unsealing, including a proposed redacted version of Dkt. 82, on or before November 24, 2026.

It is further **ORDERED** that Plaintiff's motion for leave to file additional evidence and for preservation relief, Dkt. 122, is **DENIED**.

It is further **ORDERED** that Plaintiff's motion for leave to file notice of a related mandamus petition, Dkt. 123, is **DENIED**.

Finally, it is further **ORDERED** that Plaintiff shall file any additional response concerning summary judgment on or before November 24, 2026. Plaintiff is cautioned that if he files no further response within the time provided, he may not have further opportunity to be heard on the motion and the Court will resolve the case based on the parties' existing submissions.

**SO ORDERED**.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date: November 10, 2026